IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2010

**JIMMY GRAY v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for McMinn County**
**No. 09-343     Amy Reedy, Judge**

**No. E2009-02339-CCA-R3-CD - Filed July 26, 2010**

JOSEPH M. TIPTON, P.J., concurring.

I concur in the result, but I respectfully disagree with the conclusion that the petitioner is presumed to have the same knowledge as his attorney regarding the photograph and the timing of its discovery. I do not believe that such a presumption applies to all facts that an attorney uncovers during representation.

Taking the allegations in the petition as true, the petitioner has alleged that the attorney who was representing him in his DNA post-conviction case discovered the photograph. Ostensibly, the attorney's representation in the DNA case ended with the entry on January 12, 2007, of an agreed order denying the petition. The petitioner also alleged that the attorney notified him of the photograph in November 2008. The petition for a writ of coram norbis was filed on September 14, 2009.

The majority opinion cites cases indicating that facts learned by counsel during representation are presumed to be known by the client. Although such a presumption necessarily works for pleadings and court orders in a case, the imputation of knowledge of facts to a client can be problematic. In the present case, the photograph's existence and significance were wholly irrelevant to the nature of counsel's representation of the petitioner in the DNA post-conviction case. I do not believe the petitioner should be deemed late in filing his petition for writ of error coram nobis.

This leads to the question of whether the result of the trial may have been different had the newly discovered evidence been presented to the jury. In this regard, the facts provided in this court's opinion in the appeal of the convictions do not lend themselves to a

favorable answer for the petitioner. The petitioner alleges that the photograph in question was of the upper torso of the victim and was taken on the day of the incident. He claims it rebuts the evidence of bite marks, bruising, or other injuries to which the victim testified and which the investigating detective presented by a "schematic drawing." He asserts that the State withheld the photograph from the defense at the trial. However, this court's opinion reflects that besides the testimony and identification by the victim, another witness testified that the petitioner and his co-defendant separately admitted to taking part in the assault. See State v. Jimmy Dean Gray and Ricky Gene Williams, Nos. 129 and 130, McMinn County, (Tenn. Crim. App. July 24, 1985).[1] I cannot conclude that the photograph may have altered the result.

JOSEPH M. TIPTON, PRESIDING JUDGE

---

[1] Although the style of the petitioner's post-conviction case refers to him as Jimmy Edward Gray, the appeal of his convictions refers to Jimmy Dean Gray.